**NOT FOR PUBLICATION**

# FILED

SEP 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOUGLAS TROESTER, on behalf of himself and all others similarly situated,<br><br>                Plaintiff-Appellant,<br><br>    v.<br><br>STARBUCKS CORPORATION, Washington corporation,<br><br>                Defendant-Appellee. | No.    14-55530<br><br>D.C. No. 2:12-cv-07677-GAF-PJW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted April 6, 2016
Pasadena, California
Resubmitted August 29, 2018

Before:  FERNANDEZ and BEA, Circuit Judges, and GONZALEZ ROGERS,[**] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Yvonne Gonzalez Rogers, United States District Judge for the Northern District of California, sitting by designation.

The district court granted summary judgment in favor of defendant Starbucks Corporation ("Starbucks") and against Plaintiff-Appellant Douglas Troester ("Troester") on his putative class claims for violation of the California Labor Code on the grounds that "the de minimis defense applies here and prevents Plaintiff from surviving Defendant's motion for summary judgment."  The district court ruled that the time Troester was engaged in tasks after clocking out of the timekeeping system was not compensable because such work was "de minimis."

By order of June 2, 2016, we certified the following question to the California Supreme Court:

> Does the federal Fair Labor Standards Act's *de minimis* doctrine, as stated in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946) and *Lindow v. United States*, 738 F.2d 1057, 1063 (9th Cir. 1984), apply to claims for unpaid wages under the California Labor Code sections 510, 1194, and 1197?

The California Supreme Court granted certification of the question and held that "the relevant California statutes and wage order have not incorporated the de minimis doctrine found in the FLSA . . . .[and] do not allow employers to require employees to routinely work for minutes off-the-clock without compensation." *Troester v. Starbucks Corp.*, 5 Cal. 5th 829, 421 P.3d 1114, 1125 (2018), *as modified on denial of reh'g* (Aug. 29, 2018).  It further concluded that "although California has a de minimis rule that is a background principle of state law, the rule

2

is not applicable to the regularly reoccurring activities that are principally at issue here." *Id.*

In light of the answer to the certified question, we REVERSE and REMAND for further proceedings consistent with the decision of the California Supreme Court.[1]

---

[1] Given the determination that the de minimis doctrine does not apply to the Labor Code claims here, we need not reach alternate grounds for appeal, which challenged the correctness of the district court's application of the de minimis doctrine to the evidence presented.